## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

RONALD M. MURRAY,
ADC #90500                                                                    PLAINTIFF

V.                                    2:16CV00156 JLH/JTR

TERRIE L. BANISTER,
Disciplinary Hearing Officer, et al.                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  You may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Roland M. Murray ("Murray"), is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").  He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Before

-1-

Murray may proceed with this case, the Court must screen his Complaint.[1]

## II.  Discussion

Murray alleges that Major Rodney Ford, Disciplinary Hearing Officer Terrie L. Banister, Disciplinary Hearing Administrator Raymond Naylor, and Warden Gaylon Lay violated his due process rights in connection with his September 21, 2016 disciplinary, which resulted in him spending thirty days in punitive isolation and having his class reduced.  *Doc. 2.*

Murray may bring a due process challenge to that disciplinary proceeding *only* if the punishment he received was sufficient to create a "liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Under well established Eighth Circuit law, Murray did *not* have a liberty interest in maintaining a particular classification level or in avoiding placement in punitive isolation for thirty days.  *See Sandin,* 515 U.S. at 482-86; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious;  (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

2002); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Thus, Murray has failed to plead a viable due process claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Murray's Complaint *(Doc. 2)* be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal be counted as a "STRIKE," under 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 16th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE